MICHAEL WAYNE ROGERS, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 58854

December 29, 2011                                    267 P.3d 802

*Michael Wayne Rogers*, Indian Springs, in Proper Person.

*Catherine Cortez Masto*, Attorney General, Carson City; *David J. Roger*, District Attorney, and *Steven S. Owens*, Chief Deputy District Attorney, Clark County, for Respondent.

Before DOUGLAS, HARDESTY and PARRAGUIRRE, JJ.

## OPINION

*Per Curiam:*

This case arises from an untimely post-conviction petition for a writ of habeas corpus stemming from a conviction, pursuant to a guilty plea, of three counts of sexual assault and three counts of sexual assault with the use of a deadly weapon causing substantial bodily harm. In his petition, appellant Michael Rogers claimed that the six sentences of life imprisonment without the possibility of parole for three of the six counts were cruel and unusual punishment because Rogers was a juvenile when he committed his offenses. Rogers also claimed that the manner in which the sentences were imposed, with every sentence to be served consecutively, amounted to cruel and unusual punishment. The district court granted the petition in part, determining that the petition was procedurally barred, but that new caselaw applied retroactively and provided good cause to excuse the procedural default. To correct the sentences, the district court imposed three consecutive sentences of life with the possibility of parole after 10 years had been served. In this appeal, we consider whether the district court abused its discretion in failing to appoint counsel to assist Rogers in the post-conviction proceeding. Given the severity of the consequences, Rogers' indigency, and the difficulty of the issues presented related to the applicability and scope of the holding in *Graham v. Florida*, 560 U.S. 48 (2010), we conclude that the district court abused its discretion in failing to appoint counsel in the instant case.

### FACTS

In August 1988, Rogers, at 17 years of age, committed brutal sexual offenses against two women. Pursuant to a guilty plea, Rogers was convicted of three counts of sexual assault (counts 3, 4, 6) and three counts of sexual assault with a deadly weapon causing substantial bodily harm (counts 11, 12, 14). The district court sentenced Rogers to serve three consecutive terms of life with the possibility of parole for counts 3, 4, and 6,[1] and a total of six con-

---

[1]Although the judgment of conviction did not so specify, for counts 3, 4, and 6, the term of parole eligibility began after serving a minimum of 5 years. 1977 Nev. Stat., ch. 598, § 3, at 1626-27 (NRS 200.366(2)(b) (1988)).

secutive terms of life. without the possibility of parole for counts 11, 12, and 14, to be served consecutively to the terms imposed in counts 3, 4, and 6.

On September 22, 2010, Rogers filed a proper person post-conviction petition for a writ of habeas corpus. In his petition, Rogers claimed that the sentences of life without the possibility of parole for counts 11, 12, and 14 were cruel and unusual punishment. Rogers also claimed that the manner in which the sentences were imposed, with every sentence to be served consecutively, amounted to cruel and unusual punishment. Rogers claimed that the recent decision in *Graham*, 560 U.S. at 82, holding that the Constitution prohibits a sentence of life without parole for a juvenile offender who did not commit homicide, provided good cause to excuse his procedural default because the claim was not available previously. *See Bejarano v. State*, 122 Nev. 1066, 1072, 146 P.3d 265, 270 (2006) (recognizing that good cause may be established where the legal basis for a claim was not reasonably available).

The State did not dispute that *Graham* applied retroactively pursuant to the retroactivity analysis set forth in *Colwell v. State*, 118 Nev. 807, 59 P.3d 463 (2002), and would provide good cause in this case. The State argued that the sentences of life without parole should be automatically commuted to sentences of life with the possibility of parole after ten years.

The district court found that Rogers' petition was untimely, but that the decision in *Graham* applied retroactively and provided good cause for claims arising from *Graham*. The district court determined that Rogers' sentences for counts 11, 12, and 14 should be commuted to life sentences with the possibility of parole after 10 years. The district court did not specifically address Rogers' claim that the consecutive sentences also constituted cruel and unusual punishment under *Graham*. On December 2, 2010, after entering the oral decision on the petition, but before entering a written decision on the petition, the district court entered an amended judgment of conviction, providing for sentences of life with the possibility of parole for counts 11, 12, and 14. The amended judgment of conviction, however, did not reference the sentences for the deadly weapon enhancements for counts 11, 12, and 14.[2]

---

[2]It is unclear from the record whether the district court intentionally omitted the deadly weapon enhancements, whether the district court intended the amendment to be read to include life terms with the possibility of parole for the deadly weapon enhancements for counts 11, 12, and 14, or whether the district court simply made a clerical error in omitting the deadly weapon enhancements. It is likewise unclear how the Nevada Department of Corrections has interpreted the amended judgment of conviction.

## DISCUSSION

Rogers' petition was untimely filed, see NRS 34.726(1),[3] and was a second post-conviction petition pursuant to NRS 34.810(2).[4] Thus, Rogers was required to demonstrate good cause and prejudice to overcome the procedural default. NRS 34.726(1); NRS 34.810(3). This court has recognized that good cause may be established where the legal basis for a claim was not reasonably available to be raised in a prior, timely petition. *Bejarano*, 122 Nev. at 1072, 146 P.3d at 270.

NRS Chapter 34 does not mandate the appointment of counsel in post-conviction proceedings except as provided for by NRS 34.820, requiring the appointment of counsel for the first post-conviction petition for a writ of habeas corpus filed by a petitioner sentenced to death. However, NRS 34.750(1) provides for the discretionary appointment of post-conviction counsel and sets forth the following factors that the court may consider in making its determination to appoint counsel: the petitioner's indigency, the severity of the consequences to the petitioner, the difficulty of the issues presented, whether the petitioner is unable to comprehend the proceedings, and whether counsel is necessary to proceed with discovery.

Applying the relevant factors, we conclude that the district court abused its discretion in denying the petition without appointing counsel for the reasons discussed below. Rogers moved for the appointment of counsel and claimed that he was indigent. The consequences in the instant case are severe, as Rogers is required to serve at least six consecutive terms of life imprisonment.[5] And most importantly, Rogers' petition raised difficult issues relating to the applicability and scope of *Graham*. While the district court correctly determined that under *Graham*, the life-without-parole sentences for counts 11, 12, and 14 amounted to cruel and unusual

---

[3]Even assuming that the deadline for filing a habeas corpus petition commenced on January 1, 1993, the date of the amendments to NRS Chapter 34, Rogers' petition was filed more than 17 years after the effective date of NRS 34.726. *See* 1991 Nev. Stat., ch. 44, §§ 5, 33, at 75-76, 92; *Pellegrini v. State*, 117 Nev. 860, 874-75, 34 P.3d 519, 529 (2001).

[4]*See Rogers v. State*, Docket No. 24266 (Order Dismissing Appeal, August 25, 1993).

[5]As noted earlier, it appears that the district court may have erred in its manner of correcting the judgment of conviction, as sentences for the deadly weapon enhancements for counts 11, 12, and 14 are absent from the amended judgment of conviction. Thus, in the instant case, assuming that Rogers was required to serve terms for the primary offenses and the deadly weapon enhancements—a total of nine consecutive terms—Rogers would have to serve a minimum of 75 years before being eligible for parole. 1977 Nev. Stat., ch. 598, § 3, at 1626-27 (NRS 200.366(2)(b) (1988)); 1981 Nev. Stat., ch. 780, § 1, at 2050 (NRS 193.165 (1988)); NRS 209.446(6).

punishment in this case,[6] the district court did not address whether multiple consecutive sentences also amounted to cruel and unusual punishment under *Graham*. This omission leaves unresolved the complicated issue of whether *Graham* applies only to a sentence of life without parole or whether *Graham* applies to a lengthy sentence structure that imposes a total sentence that is the functional equivalent of life without parole. Other courts addressing *Graham* in cases involving juveniles and nonhomicide offenses in which a term-of-years sentence would amount to the functional equivalent of a life-without-parole sentence have split on *Graham*'s applicability. *Compare People v. Ramirez*, 123 Cal. Rptr. 3d 155 (Ct. App.) (declining to apply *Graham* to a term-of-years sentence that amounted to 120 years to life), *petition for review granted*, 255 P.3d 948 (Cal. 2011), *and People v. Caballero*, 119 Cal. Rptr. 3d 920 (Ct. App.) (declining to apply *Graham* to a term-of-years sentence that amounted to 110 years to life), *petition for review granted*, 250 P.3d 179 (Cal. 2011), *with U.S. v. Mathurin*, No. 09-21075-CR, 2011 WL 2580775 (S.D. Fla. June 29, 2011) (applying *Graham* to a mandatory-minimum sentence of 307 years), *People v. J.I.A.*, 127 Cal. Rptr. 3d 141 (Ct. App.) (applying the principles of *Graham* to a minimum term-of-years sentence of 56 years and applying proportionality review under the United States and California constitutions), *petition for review granted*, 260 P.3d 283 (Cal. 2011), *People v. De Jesus Nunez*, 125 Cal. Rptr. 3d 616 (Ct. App.) (applying the principles of *Graham* to a minimum sentence of 175 years), *petition for review granted*, 255 P.3d 951 (Cal. 2011), *and People v. Mendez*, 114 Cal. Rptr. 3d 870 (Ct. App. 2010) (determining that *Graham* does not control but applying the principles of *Graham* to a minimum term-of-years sentence of 84 years as well as applying proportionality review under the United States and California constitutions).[7]

## CONCLUSION

The failure to appoint post-conviction counsel prevented a meaningful litigation of the petition in the instant case. Thus, we reverse

---

[6]We further note that NRS 176.025, as amended in 2011, specifically precludes the imposition of a sentence of life without parole for a person convicted of a nonhomicide crime who was less than 18 years of age when the crime was committed; the Legislature further determined that this amendment applied retroactively. 2011 Nev. Stat., ch. 12, §§ 1, 2, at 19 (NRS 176.025(2)).

[7]We note that pursuant to California Rule of Court 8.1115, the granting of review in several of the cases listed above superseded the published opinion, and those opinions may not be relied upon. We provide these citations only to illustrate the split in authority.

We express no opinion as to the merits of any claim that seeks to apply *Graham* to a term-of-years sentence.

in part the district court's partial denial of appellant's petition and remand this matter for the appointment of counsel to assist Rogers in the post-conviction proceedings.[8] As part of these proceedings, the district court shall clarify the sentences imposed in the amended judgment of conviction.[9]

---

[8]Rogers also claimed that trial counsel was ineffective for failing to present mitigating evidence at sentencing or having Rogers evaluated prior to sentencing. The district court did not err in determining that *Graham* did not provide good cause for these claims, as the legal and factual bases for these claims were reasonably available to be raised in a timely petition. *See Bejarano*, 122 Nev. at 1072, 146 P.3d at 270 (recognizing good cause where the legal and factual bases were not reasonably available). As Rogers did not otherwise present good cause for these claims, these claims were properly procedurally barred, and we affirm this portion of the district court's decision.

[9]We have considered all proper person documents filed or received in this matter. We conclude that Rogers is only entitled to the relief described herein.