# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant/Cross-Respondent,
vs.
MICHAEL WAYNE ROGERS,
Respondent/Cross-Appellant.

No. 64422

FILED

APR 1 4 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is a State's appeal and a cross-appeal from an order resolving a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

In 1988, respondent Michael Wayne Rogers was convicted of 3 counts of sexual assault (counts 3, 4, 6), and 3 counts of sexual assault with use of a deadly weapon causing substantial bodily harm (counts 11, 12, 14), all of which were committed when Rogers was 17 years old. The district court sentenced Rogers to serve 3 consecutive terms of life with the possibility of parole for counts 3, 4, and 6,[1] and 6 consecutive terms of life without the possibility of parole for counts 11, 12, and 14.[2]

In September 2010, Rogers filed a pro se postconviction petition for a writ of habeas corpus, arguing that the life-without-parole sentences were unconstitutional pursuant to the recent decision in

---

[1]Although the judgment of conviction did not so specify, for counts 3, 4, and 6, the term of parole eligibility began after serving a minimum of 5 years. 1977 Nev. Stat., ch. 598, § 3, at 1626-27 (NRS 200.366(2)(b)).

[2]The district court expressly ordered that count 11 was to run consecutive to count 3, meaning that every term was imposed to run consecutively.

*Graham v. Florida*, 560 U.S. 48 (2010), and the sentences for the remaining terms were unconstitutional because the aggregate terms were the functional equivalent of a sentence of life without the possibility of parole.[3] The district court, agreeing that the life-without-parole sentences were unconstitutional, entered an amended judgment of conviction changing the sentences for counts 11, 12, and 14 to life with the possibility of parole after 10 years. However, the amended judgment of conviction did not mention sentences for the deadly weapon enhancements for counts 11, 12, and 14, and did not mention the sentences for counts 3, 4, and 6. The district court denied the remaining claims in the petition. On appeal, this court reversed in part, concluding that the district court abused its discretion in partially denying the petition without appointing counsel, and remanded for the district court to appoint counsel and to clarify the amended judgment of conviction as it did not set forth terms for the deadly weapon enhancements. *Rogers v. State*, 127 Nev. 981, 267 P.3d 802 (2011).

On remand, the district court conducted a hearing on whether *Graham* applied to aggregate sentences and considered evidence regarding life expectancy in prison and in the population in general.[4] The district court concluded that the principles set forth in *Graham* applied to aggregate consecutive sentences and determined that to provide Rogers a meaningful opportunity for parole, the sentences for counts 11, 12, and 14

---

[3]The district court ultimately determined that there was good cause to litigate an untimely petition.

[4]We commend the district court on the thoughtful consideration given to this very complex issue.

would be run concurrently with each other, but consecutively to the sentences for counts 3, 4, and 6. The district court further determined that the amended judgment of conviction contained an illegal sentence in omitting the deadly weapon enhancements and that Rogers should receive consecutive one-year sentences for the deadly weapon enhancements. The district court entered a second amended judgment of conviction reflecting the decision.

The State argues that the decision in *Graham* was limited to a term of life without the possibility of parole and should not apply to aggregate sentences. This court recently decided in *State v. Boston*, 131 Nev., Adv. Op. 98, 363 P.3d 453 (2015) that the principles in *Graham* apply to juvenile offenders with aggregate sentences that are the functional equivalent of life without the possibility of parole. Thus, we conclude that the district court did not err in this regard. Nevertheless, we note that Rogers' concern regarding the availability of parole has been addressed by legislative action during the pendency of these proceedings. In 2015, the Legislature enacted Assembly Bill 267, which makes Rogers eligible for parole on his aggregate sentences after serving 15 calendar years. 2015 Nev. Stat., ch. 152, § 3, at 618 (providing that a prisoner who was sentenced as an adult for an offense or offenses that did not result in the death of a victim is eligible for parole after the prisoner has served 15 calendar years of incarceration); *see also Boston*, 131 Nev., Adv. Op. 98, 363 P.3d at 458-59 (concluding that A.B. 267 applies to aggregate sentences). We can afford no greater relief than that provided for by the Legislature. Therefore, we conclude that the district court's determination to alter the sentence structure to conform to the principles in *Graham* was

unnecessary in light of A.B. 267, and we vacate that portion of the district court's decision.

We agree with the district court that the first amended judgment of conviction contained illegal sentences by omitting the deadly weapon enhancements for counts 11, 12, and 14.[5] However, we conclude that the district court made an error in how it corrected the omission—at the time Rogers committed his crimes, NRS 193.165(1) provided for an enhancement that was equal and consecutive to the term imposed for the primary offense. *See* 1981 Nev. Stat., ch. 780, § 1, at 2050. Thus, we vacate that portion of the district court's decision to impose one-year terms for the deadly weapon enhancements.

Rogers argues that the State may not appeal from entry of an amended judgment of conviction. Rogers misconstrues the State's arguments, which properly challenged the decision and relief granted in the habeas corpus proceedings. *See* NRS 34.575(1).

Rogers further argues that because the first amended judgment of conviction did not mention counts 3, 4, and 6, these sentences must be read to run concurrently with one another and counts 11, 12, and 14. Rogers is in error. The first amended judgment of conviction was only entered to correct the sentences of life without the possibility of parole in accord with the decision in *Graham* and did not alter the other sentences imposed in the original judgment of conviction.[6] The first amended

---

[5]We conclude that Rogers' arguments challenging the correction of the illegal sentences in the first amended judgment of conviction are without merit for the reasons discussed above.

[6]In 2011, the Legislature amended NRS 176.025 to prohibit a sentence of life without the possibility of parole for a juvenile convicted of

*continued on next page...*

judgment of conviction did not alter the consecutive sentences for counts 3, 4, and 6 as set forth in the original judgment of conviction or language in the original judgment of conviction that the sentence for count 11 was to run consecutively to the sentence imposed in count 6.

To correct the errors contained in the amended judgments of conviction and to effectuate those portions of the original judgment that were not invalidated by the decision in *Graham*, we remand this matter to the district court with instructions to enter a third amended judgment of conviction as follows: for count 3, a sentence of life with the possibility of parole after 5 years; for count 4, a sentence of life with the possibility of parole after 5 years, to be served consecutive to count 3; for count 6, a term of life with the possibility of parole after 5 years, to be served consecutive to count 4; for count 11, a term of life with the possibility of parole after 10 years for the primary offense, and an equal and consecutive term for the deadly weapon enhancement, to be served consecutive to count 6; for count 12, a term of life with the possibility of parole after 10 years for the primary offense, and an equal and consecutive term for the deadly weapon enhancement, to be served consecutive to count 11; and for count 14, a term of life with the possibility of parole after 10 years for the primary offense, and an equal and consecutive term for the deadly weapon enhancement, to be served consecutive to count 12. The third amended judgment of conviction should include 128 days of presentence credit as set forth in the original judgment of conviction and should be entered nunc

---

*...continued*
a non-homicide offense, and the Legislature provided that this change was retroactive. *See* 2011 Nev. Stat., ch. 12, §§ 1, 2, at 19.

pro tunc to the original sentencing date of November 28, 1988. Accordingly, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:     Hon. Kathleen E. Delaney, District Judge
        Attorney General/Carson City
        Clark County District Attorney
        Law Offices of Gamage & Gamage
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A